## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**DONOVAN EVANS**                                                                                                          **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 3:14cv846-CWR-LRA**

**JIMMIE C. CESSNA**                                                                                          **DEFENDANT**

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte*.  *Pro se* Plaintiff Donovan Evans is a pretrial detainee at the Lauderdale County Detention Center, and he brings this action complaining of a vehicle accident, prior to his detention.  The Court has considered and liberally construed the pleadings.  For the reasons set forth below, the Court finds that this case should be dismissed.

### BACKGROUND

Evans is a resident of Mississippi.  Although he is currently awaiting trial in the Lauderdale County Detention Center, he complains of a vehicle accident which occurred prior to his detention. The accident occurred on October 4, 2013.  He alleges that while he was riding his bicycle in Meridian, Mississippi, he was struck from behind, by a motor vehicle driven by Defendant Jimmie C. Cessna.  Cessna is also a Mississippi resident.  He allegedly was proceeding through an intersection when he struck Evans.  Evans contends that Cessna is not an employee of the Mississippi Department of Corrections or the Lauderdale County Detention Center.  Rather, he was riding his privately owned vehicle.  As a result of the incident, Evans claims to have sustained physical injuries, including a loss of consciousness for about an hour.

Evans brings this action against Cessna for damages.  Evans asserts claims under 42 U.S.C. § 1983 and state law and contends that Cessna's actions violated Evans's constitutional rights.

**DISCUSSION**

PLAINTIFF'S § 1983 CLAIM

The Prison Litigation Reform Act of 1996 ("PLRA") applies to prisoners proceeding *in forma pauperis* in this Court.  The PLRA provides in part that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  This framework "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quotation omitted).  "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised. . . ."  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."  *Id.*  Because the Court has permitted Evans to proceed *in forma pauperis*, the Complaint is subject to the provisions allowing for *sua sponte* dismissal under § 1915.

To prove Evans's § 1983 claim, he will have to show, among other things, that Defendant acted under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "To constitute state action, 'the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible,' and 'the party . . . must be a person who may fairly be said to be a state actor.'"  *Id.* at 49 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).  "This may be because he is a state official, because he has acted together with or has

2

obtained significant aid from state officials, or because his conduct is otherwise chargeable to the state." *Id.*

"Private individuals generally are not considered . . . state actors. . . .  Notwithstanding this limitation, a private individual may act under color of law in certain circumstances, such as when a private person is involved in a conspiracy or participates in joint activity with state actors." *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005).  State action may also be found where the state compels the private party to act, "when the state provides 'significant encouragement, either overt or covert,'" when the private entity is controlled by the State, when the private party performs a public function, or when the private party is so entwined with the State as to make the party a state actor.  *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001).

Evans merely claims that Cessna caused a motor vehicle accident with Evans, when he was a free world citizen.  Evans specifically disavows that Cessna was employed as a state or county correctional officer at the time.  This is insufficient to allege that Cessna is a state actor.  Evans alleges no connection between this private party Defendant and the State.  He therefore has failed to state a claim against Cessna under § 1983.  The § 1983 claim is dismissed, and this dismissal counts as a strike pursuant to § 1915(g).

PLAINTIFF'S STATE LAW CLAIM

Evans also brings a state law claim for negligence against Cessna.  Because Evans admits that both he and Defendant are Mississippi residents, there is no basis for diversity jurisdiction.  Rather, this claim invokes the Court's supplemental jurisdiction. 28 U.S.C. § 1367(a).  This jurisdiction may be declined if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  Since the Court has dismissed the § 1983 claim, it declines jurisdiction over

the state law claim.  It is dismissed without prejudice.

      **IT IS THEREFORE ORDERED AND ADJUDGED** that, for the foregoing reasons, *pro se* Plaintiff Donovan Evans's 42 U.S.C. § 1983 claim is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.  This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

      **IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's state law claim is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c).  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

      **SO ORDERED AND ADJUDGED**, this the 1st day of December, 2014.

                    s/Carlton W. Reeves
                    UNITED STATES DISTRICT JUDGE